FILED
SCRANTON
FEB 0 8 2011
PER _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIMOTHY M. GROSSER, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. 3:09-2416 |
| | (JUDGE NEALON) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | (MAGISTRATE JUDGE CARLSON) |
| Defendant | |

## MEMORANDUM and ORDER

On December 9, 2009, Plaintiff, Timothy Grosser, filed a complaint seeking review of the denial of his application for disability benefits. (Doc. 1). A Report was issued by United States Magistrate Judge Martin C. Carlson on January 19, 2011 recommending that the case be remanded to the Commissioner for further consideration. (Doc. 17). No objections have been filed and, on February 3, 2011, Defendant filed a letter waiving its right to object to the Report and Recommendation ("R&R"). (Doc. 18). After review, the R&R will be adopted.

### Discussion

When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report, under de novo or any other standard. Thomas v. Arn, 474 U.S. 140, 152 (1985); 28 U.S.C. § 636(b)(1)(C). Nevertheless, the Third Circuit Court of Appeals has held that it is better practice to afford some level of review to dispositive legal issues raised by the report. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied 484 U.S. 837 (1987); Garcia v. I.N.S., 733 F. Supp. 1554, 1555 (M.D. Pa.

1

1990) (Kosik, J.) (stating "the district court need only review the record for plain error or manifest injustice"). In the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of Plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.).

Plaintiff filed an application for disability benefits in May 2006, alleging disability since January 24, 2006. (TR. 92). After his request for benefits was denied at the initial level, he filed a request for a hearing before an Administrative Law Judge ("ALJ"). (TR. 92-98). A hearing was held on January 16, 2008, which resulted in a decision, unfavorable to Plaintiff, being issued on January 29, 2008. (TR. 10-91). Plaintiff then requested review by the Appeals Council, which denied review on August 20, 2008, making the decision of the ALJ final. (TR. 2-9). On December 9, 2009, Plaintiff appealed to this Court. (Doc. 1). On April 30, 2010, Plaintiff filed a brief in support of his appeal. (Doc. 13). The Government filed an opposing brief on June 22, 2010. (Doc. 16). The Magistrate Judge issued a Report on January 19, 2011, recommending that the matter be remanded to the Commissioner for further review. (Doc. 17). On February 3, 2011, the Government filed a letter waiving its right to file objections. (Doc. 18).

Upon review of the present appeal, it is concluded that the Magistrate Judge has not erred in recommending that the case be remanded to the Commissioner. The Magistrate Judge reviewed the ALJ's discussion of the five-step sequential evaluation process and determined that the ALJ erred at step two by concluding that Plaintiff's only severe impairment was narcotics dependence; failed to provide an explanation for rejecting the opinion of Plaintiff's treating physician, Dr. Morganstein; failed to explain why she rejected the results of a discogram test; and

failed to state what evidence, if any, was contradictory to this medical evidence of record. (Doc. 17, pgs. 6-14). The Magistrate Judge also determined that the ALJ misunderstood the opinions of Plaintiff's physicians that he was not a candidate for surgery. (Doc. 17, pg. 14). Further, the Magistrate Judge notes that the ALJ erred in assigning little weight to the opinion of the state agency physician that Plaintiff is able to perform sedentary work and that she failed to state what evidence does not support this opinion. (Doc. 17, pg. 14). Lastly, the Magistrate Judge determined that the ALJ erred in her credibility analysis. (Doc. 17, pgs. 14-16).

Upon review, and having received no objections, the Magistrate Judge's Report and Recommendation will be adopted. The matter will be remanded to the Commissioner for further consideration. An appropriate Order follows.

**Date:** February 8, 2011

_____
**United States District Judge**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TIMOTHY M. GROSSER,

 Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

 Defendant

CIVIL ACTION NO. 3:09-2416

(JUDGE NEALON)

(MAGISTRATE JUDGE CARLSON)

## ORDER

**AND NOW**, this 8th day of February, 2011, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff's appeal is **GRANTED**.

2. The Magistrate Judge's Report and Recommendation (Doc. 17) is **ADOPTED**.

3. The matter is **REMANDED** to the Commissioner for further action.

4. The Clerk of Court is directed to **CLOSE** this case.

*[signature]*
**United States District Judge**